UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEVIN CHAMBERS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:05CV1469SNL |
|  | ) |  |
| ST. LOUIS COUNTY, ET. AL., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

*Pro se* prisoner plaintiff has filed this §1983 and state law action alleging excessive force and threats of retaliation during his retaliation. This matter is before the Court on 1) defendant St. Louis County's motion to dismiss (#22), filed March 20, 2006; 2) defendant St. Louis County Drug Task Force's motion to dismiss (#24), filed March 20, 2006; 3) defendants Van Mierlo and Kelling's motion to dismiss (#26), filed March 20, 2006; and defendant Pennycook's motion to dismiss (#28), filed April 5, 2006. As of today's date, plaintiff has failed to file a response.

After careful consideration of the pending motions and relevant caselaw, and in light of the plaintiff's failure to respond, the Court will grant each of the motions to dismiss for the grounds stated in the motions. Plaintiff cannot hold defendant St. Louis County liable under a theory of *respondeat superior*. The doctrine of *respondeat superior* is inapplicable in §1983 actions. Givens v. Jones, 900 F.2d. 1229, 1233 (8th Cir. 1990); Wilson v. City of Little Rock, 801 F.2d. 316, 322 (8th Cir. 1986); Martin v. Sargent, 780 F.2d. 1334. 1338 (8th Cir. 1985). Liability under §1983 for a governmental entity must be based upon a "custom or policy" that causes the constitutional deprivation. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-94 (1978). The unconstitutional act(s) of the employee must have been in

furtherance of or knowingly ignored pursuant to a custom or policy sanctioned or ordered by municipal officials having final policymaking authority. Liability will not attach simply because the municipality employs the alleged tort-feasor. Monell, 436 U.S. at 694; Thelma D. v. Board of Education, 737 F.2d. 541, 544 (E.D.Mo. 1990) *affirmed* Thelma D. By Delores A. v. Board of Education, 934 F.2d. 929 (8th Cir. 1991).

In order to prove a claim of municipal liability, a plaintiff must provide evidence that the municipality had notice that its police training was inadequate and deliberately chose not to remedy the situation, or that it was deliberately indifferent to a continuing, widespread, persistent pattern of unconstitutional misconduct. Robinson v. City of St. Charles, Mo., 972 F.2d. 974, 976-77 n.2 *(8th Cir. 1992) citing* Thelma D., 934 F.2d. at 932-35 (8th Cir. 1991).

Generally, an isolated incident of alleged police misconduct by subordinate officer(s) is insufficient to establish municipal liability. Wedemeier v. City of Ballwin, Mo., 931 F.2d. 24, 26 (8th Cir. 1991); *see also*, City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)(plurality); Patzner v. Burkett, 779 F.2d. 1363, 1367 (8th Cir. 1985).

A plaintiff need not specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss. Crumpley-Patterson v. Trinity Lutheran Hospital, et. al., 388 F.3d. 588, 591 (8th Cir. 2004); Doe v. School District of Norfolk, 340 F.3d. 605, 614 (8th Cir. 2003). A complaint is not deficient simply because a plaintiff fails to incorporate language specifically alleging the existence of an unconstitutional policy or custom giving rise to the inadequate training. Crumpley-Patterson, at 591 *citing* Doe, at 614.

Here, plaintiff has alleged nothing more than his "belief" that the officers allegedly use excessive force because they "appeared . . . were operating according to some preplanned policy and procedure of St. Louis County wherein all three John Doe Defendants were given unlimited

2

authority to inflict as much pain and to become both the jury and sentencer **[sic]** and to impose sentence without trial or due process." Such a speculation regarding a one-time arrest incident is not enough to impose municipal liability.

The "St. Louis county Drug Task Force" is not a suable entity under §1983. Section 1983 is directed to actions by "persons" and a "task force" is not "persons" within the meaning of §1983. *See*, Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

Although plaintiff does not name defendants Van Mierlo and Kelling specifically, he describes two (2) "police officers" as Jane Doe and John Doe #1. Defendants Van Mierlo and Kelling have responded to the complaint as "Jane Doe" and "John Doe #1". They seem to argue that simply because they are not named as "Van Mierlo and Kelling", plaintiff's complaint is inadequate to state a claim upon which relief can be granted. The Court disagrees; however, the Court does find that plaintiff has failed to sufficiently allege the actions and constitutional violations attributed to each. Since he has failed to respond to the motion, the Court will grant same, but without prejudice.

Finally, defendant Pennycook, as "John Doe #2" advances the same argument for dismissal as defendants Van Mierlo and Kelling. Once again, the Court rejects this argument; however, will dismiss the plaintiff's complaint without prejudice against defendant Pennycook because there is not a single allegation of misconduct specifically lodged against "John Doe #2". Plaintiff only makes a vague reference of group misconduct, allegedly including "John Doe #2", in ¶8 of his complaint. This is not sufficient to state a claim of a constitutional violation against defendant Pennycook.

As for the state claims of assault and battery, the Court declines to exercise supplemental jurisdiction over said state claims. 28 U.S.C. §1367(c)(3); Thomas, et. al. v. Dickel, et. al, 213

F.3d. 1023, 1026 (8th Cir. 2000) *citing* Condor Corp. v. City of St. Paul, 912 F.2d. 215, 220 (8th Cir. 1990).

Accordingly,

**IT IS HEREBY ORDERED** that defendant St. Louis County's motion to dismiss (#22) be and is **GRANTED**. Plaintiff's claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that defendant St. Louis County Drug Task Force's motion to dismiss (#24) be and is **GRANTED**. Plaintiff's claim is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that defendants Van Mierlo and Kelling's motion to dismiss (#26) be and is **GRANTED**. Plaintiff's claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FINALLY ORDERED** that defendant Pennycock's motion to dismiss (#28) be and is **GRANTED**. Plaintiff's claim is **DISMISSED WITHOUT PREJUDICE**.

Dated this __18th__ day of April, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE